Glenn R. Kantor - SBN: 122643
  E-mail: gkantor@kantorlaw.net
Brent Dorian Brehm - SBN: 248983
  E-mail: bbrehm@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Attorneys for Plaintiff,
Joseph Feldun

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| JOSEPH FELDUN,<br><br>              Plaintiff,<br><br>vs.<br><br>AXA EQUITABLE LIFE INSURANCE COMPANY,<br><br>              Defendants. | Case No.: ED CV 13 - 01340 VAP (DTB)<br><br>**COMPLAINT FOR DAMAGES**<br>(1)  **BREACH OF CONTRACT**<br>(2)  **BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Joseph Feldun herein sets forth the allegations of his Complaint against Defendant AXA Equitable Life Insurance Company.

**PRELIMINARY ALLEGATIONS**

1.  Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

2.  Venue is proper in this Court based upon 28 U.S.C. § 1391(a).

3.  Plaintiff is informed and believes that Defendant AXA Equitable Life Insurance Company, formerly known as The Equitable Life Assurance Society of

the United States (hereinafter "AXA Equitable"), is a corporation incorporated in and with its principal place of business in the State of New York, authorized to transact and transacting business in the Central District of California and can be found in the Central District of California.

4. Plaintiff Joseph Feldun is a resident and citizen of Cathedral City, Riverside County, State of California.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANT
## AXA EQUITABLE LIFE INSURANCE COMPANY FOR
## BREACH OF CONTRACT

5. Plaintiff incorporates by reference all preceding paragraphs as though set fully set forth herein.

6. Effective November 2, 1991, AXA Equitable issued to Plaintiff long term disability ("LTD") coverage pursuant to an insurance policy, Policy Number 91 723 066 (hereinafter the "Policy"). The Policy provided Plaintiff with monthly benefits for his lifetime so long as he remained disabled under its terms.

7. All premiums due to maintain Plaintiff's coverage in full force and effect under the Policy have been paid. At all relevant times, Plaintiff has performed all obligations under the Policy on his part to be performed.

8. In or about April 5, 2004, Plaintiff suffered a loss compensable under the terms of the Policy in that he became unable to perform the material duties of his occupation as an attorney. Among the many symptoms which contributed to Plaintiff's disability were anxiety, fatigue, stress, chest pain, and chronic anemia.

9. Plaintiff submitted an LTD claim to AXA Equitable, who approved Plaintiff's claim and paid LTD benefits through June 4, 2013. For the duration of this time, Plaintiff provided AXA Equitable with evidence of his ongoing disability, including undergoing multiple examinations.

10. By letter dated June 26, 2013, AXA Equitable advised Plaintiff that it had determined that benefits were no longer payable as it believed he was no longer disabled as defined by the Policy.

11. As a direct and proximate result of AXA Equitable's improper determination regarding Plaintiff's disability claim, Plaintiff has been deprived of the right to obtain benefits under the terms of the Policy.

12. AXA Equitable's conduct constitutes a breach of the insurance contract between AXA Equitable and Plaintiff. As a direct and proximate result of AXA Equitable's breach of the Policy, Plaintiff has suffered contractual damages under the terms and conditions of the Policy that will continue, plus interest and other incidental damages and out-of-pocket expenses, all in the sum to be determined according to proof at the time of trial.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANT
## AXA EQUITABLE LIFE INSURANCE COMPANY
## FOR BREACH OF THE IMPLIED COVENANT OF
## GOOD FAITH AND FAIR DEALING

13. Plaintiff incorporates by reference all preceding paragraphs as though set fully set forth herein.

14. AXA Equitable has breached its duty of good faith and fair dealing owed to Plaintiff in the following respects:

(a) Unreasonably withholding benefits from Plaintiff in bad faith at a time when AXA Equitable knew Plaintiff was entitled to said full benefits under the Policy;

(b) Unreasonably and in bad faith failing to provide a prompt and reasonable explanation of the basis relied on under the terms of the Policy, in relation to the applicable facts and Policy provisions, for the denial of Plaintiff's claim for LTD benefits;

   (c) Unreasonably delaying payments to Plaintiff in bad faith knowing Plaintiff's claim for benefits under the Policy was valid;

   (d) Unreasonably failing to properly investigate Plaintiff's claim;

   (e) Unreasonably compelling Plaintiff to institute litigation to recover amounts due under the policy in an effort to further discourage Plaintiff from pursuing his full policy benefits.

  15. Plaintiff is informed and believes and thereon alleges that AXA Equitable has breached its duties of good faith and fair dealing owed to Plaintiff by other acts or omissions of which Plaintiff is presently unaware. Plaintiff will amend this Complaint at such time as Plaintiff discovers these other acts or omissions.

  16. As a proximate result of the aforementioned wrongful conduct of AXA Equitable, Plaintiff has suffered, and will continue to suffer in the future, damages under the Policy, plus interest, for a total amount to be shown at the time of trial.

  17. As a further proximate result of the aforementioned wrongful conduct of AXA Equitable, Plaintiff has suffered anxiety, worry, mental and emotional distress, and other incidental damages and out-of-pocket expenses, all to Plaintiff's general damage in a sum to be determined at the time of trial.

  18. As a further proximate result of the aforementioned wrongful conduct of AXA Equitable, Plaintiff was compelled to retain legal counsel to obtain the benefits due under the Policy. Therefore, AXA Equitable is liable to Plaintiff for those attorneys' fees reasonably necessary and incurred by Plaintiff to obtain Policy benefits in a sum to be determined at the time of trial.

  19. AXA Equitable's conduct described herein was intended by AXA Equitable to cause injury to Plaintiff, was despicable conduct carried on by AXA Equitable with a willful and conscious disregard of the rights of Plaintiff, subjected Plaintiff to cruel and unjust hardship in conscious disregard of his rights, and was an intentional misrepresentation, deceit, or concealment of a material fact known to AXA Equitable with the intention to deprive Plaintiff of property and/or legal rights

or to otherwise cause injury, such as to constitute malice, oppression, or fraud under California Civil Code § 3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or set an example of AXA Equitable.

20. AXA Equitable's conduct in wrongfully terminating and denying LTD benefits to Plaintiff was an unfair act and practice which caused Plaintiff to suffer a loss of income, a substantial loss of property set aside for personal care and maintenance, and assets essential to his health and welfare. Plaintiff is a disabled person within the meaning of California Civil Code § 3345, and as a consequence of AXA Equitable's wrongful actions herein, Plaintiff is entitled to a trebling of any damages imposed by the trier of fact pursuant to California Civil Code § 3294.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. Damages for failure to provide full benefits under the Policy for past, present, and future benefits, in an amount to be determined at the time of trial but in excess of $750,000 plus interest, including prejudgment interest;

2. General damages for mental and emotional distress and other incidental damages in the sum of $1,000,000.00;

3. Punitive and exemplary damages in an amount in excess of $5,000,000.00;

4. A trebling of any punitive damages pursuant to California Civil Code § 3345;

5. Attorneys' fees reasonably incurred to obtain Policy benefits in a sum to be determined at the time of trial;

6. Costs of suit incurred herein; and

7. Such other and further relief as the Court deems just and proper.

DATED: August 1, 2013          KANTOR & KANTOR, LLP

By: /s/ Glenn R. Kantor
Glenn R. Kantor
Attorneys for Plaintiff,
Joseph Feldun

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED: August 1, 2013          KANTOR & KANTOR, LLP

By: /s/ Glenn R. Kantor
Glenn R. Kantor
Attorneys for Plaintiff,
Joseph Feldun

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Virginia A. Phillips and the assigned discovery Magistrate Judge is David T. Bristow.

The case number on all documents filed with the Court should read as follows:

**EDCV13- 1340 VAP (DTBx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [ ] Western Division<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [X] Eastern Division<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY